[Department Two.—August 9, 1883.]

## IN THE MATTER OF THE ESTATE OF ROBERT CHALMERS, DECEASED, LOUISA M. CHALMERS, PETITIONER, APPELLANT, *v.* STOCKTON BUILDING AND LOAN SOCIETY, AND HUGH CHALMERS, RESPONDENTS.

HOMESTEAD — MORTGAGE — PROBATE COURT. — In probate proceedings to set apart to a widow a homestead created by declaration during the lifetime of the husband, the court cannot pass upon the validity of mortgages upon the homestead property. That question must be tested by proceedings for foreclosure.

ID. — DECREE. — A decree declaring the homestead as set apart subject to the liens of the mortgages is unauthorized.

APPEAL from the Superior Court of El Dorado County, from a portion of a decree setting apart a homestead.

The facts are stated in the opinion of the court.

*Charles F. Irwin,* for Appellant.

The court erred in setting apart the homestead subject to the liens of the mortgages. The only power the court had was to set the homestead apart. (*Estate of Orr,* 29 Cal. 101; *Estate of Hardwick,* 59 Cal. 292; *Barrett* v. *Sims,* 59 Cal. 615; *Camp* v. *Grider,* 62 Cal. 20.)

*George G. Blanchard,* and *W. L. Dudley,* for Respondents.

MYRICK, J. — The widow of deceased petitioned that certain real estate be set apart to her as a homestead. Opposition thereto was made by persons holding mortgages of the real estate executed by the deceased in his lifetime. The court found, as facts, the execution of the mortgages, adjudged that the mortgagees are entitled to have the mortgages foreclosed, and that

the mortgages are subsisting liens and encumbrances upon the property, and made a decree setting apart to the widow as a homestead the premises described in the petition, "subject, however, to the lien and payment of each of the said mortgages in the findings herein set forth." From the clause of the decree above quoted the widow appealed.

Doubtless the court below, sitting as a Probate Court, would have power to consider the existence or non-existence of a mortgage upon a specific parcel of real estate of the deceased, for the purpose of determining what parcel should be set aside, in case of a selection to be made by the court; but where, as in this case, the declaration of homestead was made during the lifetime of the deceased (the mortgages being executed prior to the declaration), we find nothing in the statute which requires the adjudication of the court as to the mortgages, or which authorizes the court to set apart the property *subject to the lien*. Whatever remedy might exist under section 1241, Civil Code, would be for application in proceedings for foreclosure—not in the probate proceedings for setting apart. It is barely necessary to remark that the provisions of section 1475, Code of Civil Procedure, are not for consideration on this appeal.

The cause is remanded with instructions to strike from the decree the clause above quoted; in other respects the decree is not appealed from.

Sharpstein, J., and Thornton, J., concurred.